IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
William J. Martínez

Civil Action No. 14-cv-01185-WJM

MARLON L. SMITH,

      Applicant,

v.

LOU ARCHULETA, Warden, and
JOHN SUTHERS, The Attorney General of the State of Colorado,

      Respondents.

---

## ORDER FOR ANSWER AND STATE COURT RECORD

---

## I. Background

Applicant is in the custody of the Colorado Department of Corrections and currently is incarcerated at the Fremont Correctional Facility in Cañon City, Colorado. Applicant, acting *pro se*, has filed an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254, ECF No.1, challenging the conviction and sentence in State of Colorado Criminal Case No. 02CR3477. In an order entered on May 22, 2014, U.S. Magistrate Judge Boyd N. Boland directed Respondents to file a Pre-Answer Response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A) if Respondents intend to raise either or both of those affirmative defenses in this action.

Respondents filed their Pre-Answer Response, ECF No. 11, on June 10, 2014. After a request for an extension of time by Applicant, and a granting by the Court of the extension, Applicant filed a Reply, ECF No. 16, on July 15, 2014.

Applicant raises twelve claims in the Application. The claims are as follows:

(1)     State district court violated his due process rights by refusing to suppress an unduly suggestive photo-identification procedure;

(2)     State district court violated his right to a fair trial  by allowing a putative expert witness to relate theories in psychology that are unreliable proof of motive, intent and propensities;

3)      State district court violated his due process rights by failing to remedy the admission of unfounded, inflammatory hearsay evidence designed to frame the government's theory of the case;

4)      State district court violated his right to a fair trial by overruling a well-founded Rule 403 objection without coherence or actual review of challenged evidence of a 911 audiotape;

5)      State district court violated his due process rights by denying him an opportunity to suppress collateral use by the government of prior unconstitutional convictions;

6)      State district court violated his due process rights by failing to conduct a *Weidemer* analysis regarding the validity of prior convictions, burdening his right to testify;

7)      Evidence is insufficient to sustain a guilty verdict for burglary, felony murder, and violating a restraining order;

8)      Sentence for the offense of attempted felony murder in Count Four should be vacated because only one killing;

9)      Ineffective assistance of appellate counsel for failure to amend opening brief when U.S. Supreme Court issued decision in *Crawford*;

10)     *Crawford* due process issue;

11)     Ineffective assistance of trial counsel for failure to conduct forensic examinations and for:

> i) Failure to investigate and present evidence of wife's drug overdose;
>
> ii) Failure to object to prosecution eliciting expert opinion from domestic violence expert without tendering her as expert witness;
>
> iii) Failure to recognize a nonwaivable conflict of interest; and

12)   Ineffective assistance of postconviction counsel for failure to present the result of a mental health examination during the postconviction process and trial counsel's failure to present these results to the courts or to petitioner implicating *Martinez v. Ryan*, 132 S. Ct. 1309 (2012).

## II.  Analysis

The Court must construe liberally the Application and Reply, because Applicant is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not act as an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.

Respondents concede the action is timely but contend that Claim Eight is moot and Claims Two, Four, Eleven, and Twelve are procedurally barred.  Respondents further contend that even if Claim Four is not procedurally defaulted the claim has not been presented to the Colorado Supreme Court (CSC) and is unexhausted.  Respondents also contend that *Martinez* does not excuse the procedural default in Claim Twelve.  Based on Applicant's Reply, ECF No. 16 at 11, Claim Eight remains at issue because a new mittimus has not issued to reflect the attempted first degree murder charge has been negated.  The Court will address Claims Two, Four, Eleven, and Twelve as follows.

### 1.  Claim Two

In his Reply, Applicant asserts that this claim was fully and fairly presented on direct appeal, but if the Court finds that is was not he contends that he has shown cause for any procedural default, because he had a constitutional right to assistance of counsel on direct appeal.  ECF No. 16 at 6.  Applicant also asserts that in the last paragraph of page two of his reply brief on direct appeal he cited to the United States

Const. Amends. V and XIV and that in the petition for certiorari review filed with the Colorado Supreme Court (CSC) he cited twice to Amendments Five and Fourteen in his legal argument addressing Claim Two. *Id.* at 11-12.

Pursuant to 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus may not be granted unless it appears that the applicant has exhausted state remedies or that no adequate state remedies are available or effective to protect the applicant's rights. *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts. *See Castille v. People*, 489 U.S. 346, 351 (1989). Fair presentation requires that the federal issue be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever*, 36 F.3d at 1534.

Furthermore, the "substance of a federal habeas corpus claim" must have been presented to the state courts in order to satisfy the fair presentation requirement. *Picard v. Connor*, 404 U.S. 270, 278 (1971); *see also Nichols v. Sullivan*, 867 F.2d 1250, 1252 (10th Cir. 1989). Although fair presentation does not require a habeas corpus petitioner to cite "book and verse on the federal constitution," *Picard*, 404 U.S. at 278 (internal quotation marks omitted), "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts," *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam). A claim must be presented as a federal constitutional claim in the state court proceedings in order to be exhausted. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam).

"The exhaustion requirement is not one to be overlooked lightly." *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995). A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies. *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992).

The Court has reviewed Applicant's opening brief on direct appeal, specifically pages ten through sixteen of the brief, where Applicant asserts he presented the substance of a federal constitutional claim. *See* ECF No. 11-2 at 15-21. Nothing in these seven pages indicates that Applicant presented a federal constitutional claim in state court with respect to Claim Two.

Applicant is correct that he is not required to cite a specific constitutional amendment, but he cannot rely only on the facts that he presented and he must present a claim as a federal constitutional claim. *See Anderson*, 459 U.S. at 6. Applicant did not rely on any United States Supreme Court authority in presenting this claim in his opening brief. Applicant relied only on the Colorado Rules of Evidence, particularly Rule 702, and argues the witness's testimony was inadmissible because it failed to satisfy the "criteria for lay witness testimony, since it extends to matters far beyond the personal perception of Ms. Bier, and it was not helpful to clarify other aspects of her own testimony." ECF No. 11-2 at 18. In support of this conclusion, Applicant cited to Colo. R. Evid. 701 and *Salcedo v. People*, 999 P.2d 833 (Colo. 2000) (observing that opinion's based on hearsay may be introduced only as "expert" testimony).

Nothing in *Salcedo* would support a finding that Applicant intended to raise a federal constitutional claim in the opening brief regarding the admissibility of Ms. Bier's testimony. Applicant relied only on Colorado state case law in developing his argument

that the trial court erred in admitting the expert testimony, *id.*, and the Colorado Court of Appeals (CCA) addressed only the state case law argument in finding the trial court did not commit pain error, ECF No. 11-4, Ex. D, at 7; *People v. Smith*, No. 03CA3477, 5-6 (Colo. App. Feb. 10, 2005).

For state courts to act on, or correct, constitutional violations, Applicant must do more than just invoke magic words which may possibly be interpreted to raise a constitutional claim.  Applicant must assert legal theory that explains how the decisions of the state court violated the particular federal constitutional rights he claims were violated.  *See, e.g., Anderson*, 459 U.S. at 7-8 (claim on direct appeal that jury instruction was reversible error did not fairly present due process challenge to instruction for habeas exhaustion purposes); *Picard*, 404 U.S. at 276-77 (holding that habeas petitioner failed to fairly present federal claim to state court where, despite presenting all necessary facts, petitioner failed to assert specific argument that he later tried to raise in federal court); *see also Thomas v. Gibson*, 218 F.3d 1213, 1221 n. 6 (10th Cir. 2000) (holding that petitioner's general state court claim was insufficient to exhaust his later, more specific federal habeas claim).

Furthermore, under Colorado law, issues raised for the first time in a reply brief will not be considered.  *Ponis v. Hartley*, 534 F. App'x 801, 804-05 (10th Cir. 2013) (citing *People v. Czemerynski*, 786 P.2d 1100, 1107 (Colo. 1990)).  Because the CCA did not analyze Claim Two as a federal constitutional claim, the claim was not properly presented to the state courts.  Even if Applicant included references to the Fifth and Fourteenth Amendments to the United States Constitution regarding Claim Two this does not satisfy the fair presentation requirement.  Accordingly, Applicant has failed to exhaust state court remedies in Claim Two.

With limited exceptions that are not applicable to this claim, the Colorado Rules of Criminal Procedure bar Applicant from raising a claim in a postconviction motion that could have been raised on direct appeal, or that was already raised on postconviction appeal.  See Colo. R. Crim. P. 35(c)(3)(VI) ("The court shall deny any claim that was raised and resolved in a prior appeal or postconviction proceeding on behalf of the same defendant"); Colo. R. Crim. P. 35(c)(3)(VII) ("The court shall deny any claim that could have been presented in an appeal previously brought or postconviction proceeding previously brought"); *see also People v. Bastardo*, 646 P.2d 382, 383 (Colo. 1982) (stating that post-conviction review is not available to address under a recently contrived constitutional theory issues that were raised previously).

Also, if it is obvious that an unexhausted claim would be procedurally barred in state court the claim is subject to an anticipatory procedural bar, *see Anderson v. Sirmons*, 476 F.3d 1131, 1139 n.7 (10th Cir. 2007), and is procedurally barred from federal habeas review, *Steele v. Young*, 11 F.3d 1518,1524 (10th Cir. 1993) (citing *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991).  Applicant's claims now are defaulted in state court because Applicant could have raised the claims in his direct appeal and any attempt to relitigate as a violation of constitutional law would be rejected as successive or an abuse of process.  Colo. R. Crim. P. 35(c)(VII); *People v. Rodriguez*, 914 P.2d 230, 254-55 (Colo. 1996).

As a general rule, federal courts "do not review issues that have been defaulted in state court on an independent and adequate state procedural ground, unless the default is excused through a showing of cause and actual prejudice or a fundamental miscarriage of justice."  *Jackson v. Shanks*, 143 F.3d 1313, 1317 (10th Cir. 1998). Application of this procedural default rule in the habeas corpus context is based on

comity and federalism concerns.  *See Coleman*, 501 U.S. at 730.  A federal court may

proceed to the merits of a procedurally defaulted habeas claim if the applicant

establishes either cause for default and actual prejudice or fundamental miscarriage of

justice if the merits of a claim are not reached.  *See Demarest v. Price*, 130 F.3d 922,

941 (10th Cir. 1997).  Applicant's *pro se* status does not exempt him from the

requirement to demonstrate "cause for the default and actual prejudice as a result of

the alleged violation of federal law, or demonstrate failure to consider the claims will

result in a fundamental miscarriage of justice."  *See Lepiscopo v. Tansy*, 38 F.3d 1128,

1130 (10th Cir. 1994) (citing *Coleman*, 501 U.S. at 750)) (internal quotation marks

omitted).

       To demonstrate cause for his procedural default, Applicant must show that some

objective factor external to the defense impeded his ability to comply with the state's

procedural rule.  *Murray v. Carrier*, 477 U.S. 478, 488 (1986).  "Objective factors that

constitute cause include interference by officials that makes compliance with the State's

procedural rule impracticable, and a showing that the factual or legal basis for a claim

was not reasonably available to [applicant]."  *McCleskey v. Zant*, 499 U.S. 467, 493-94

(1991) (internal quotation marks omitted).  Ineffective assistance of counsel may

establish cause excusing a procedural default.  *Jackson*, 143 F.3d at 1319.  Applicant,

however, must show "some objective factor external to the defense impeded counsel's

efforts to comply with the State's procedural rule" and have "presented to the state

courts as an independent claim before it may be used to establish cause for a

procedural default."  *Murray*, 477 U.S. at 488-89.

       A fundamental miscarriage of justice occurs when "a constitutional violation has

probably resulted in the conviction of one who is actually innocent."  *Murray*, 477 U.S. at

496. A "substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). In order to demonstrate a fundamental miscarriage of justice, Applicant first must "support his allegations of constitutional error with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial." *Id.* Applicant then must demonstrate "that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Id.* at 327.

Applicant's claim that because he had a constitutional right to assistance of counsel he has shown cause for any procedural default is conclusory and vague. Applicant does not demonstrate that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule and that he has presented this argument to the state courts as an independent claim. Furthermore, Applicant does not assert he is actually innocent based on new reliable evidence.

Claim Two will be dismissed as procedurally defaulted and therefore barred from federal habeas review.

### 2. Claim Four

Applicant asserts that he sufficiently presented this claim to the state courts, but the courts elected not to address the violation of his rights claim. ECF No. 16 at 6. Applicant also contends that even if the claim is procedurally defaulted he is able to show cause for the default because at the time the default took place he had a constitutional right to effective assistance of counsel. *Id.* Applicant further contends that the U.S. Supreme Court issued *Crawford v. Washington*, 541 U.S. 36 (2004), before his conviction was final, and counsel should have sought to amend any

arguments presented to the state courts to include this issue; and likewise counsel should have sought to supplement any pending brief before state court to include a *Davis v. Washington*, 547 U.S. 813 (2006), argument.  *Id.* at 7.  Finally, Applicant argues that pursuant to Colo. App. R. 51.1 he is not required to file a petition for certiorari review with the CSC to exhaust this claim.  *Id.* at 7-8, and presenting this claim to the CCA is sufficient to exhaust state court remedies.

Applicant makes one reference to the Fifth and Fourteenth Amendments in his opening brief on appeal as a basis for challenging the admission of the 911 audiotape at trial, ECF No.11-2 at 27, and two references in his petition for certiorari review, ECF No. 11-5 at 13.  *Old Chief v. United States*, 519 U.S. 172 (1997), one of the cases Applicant cites to when discussing the 911 tape, does not address a fair trial violation based on a federal constitutional claim.  O*ld Chief* provides a Fed. R. Evid. P. 403 analysis.  Likewise, the Colorado cases Applicant relies on are based on the CSC's discussion of Colo. R. Evid. 403.  *See People v. Walsh*, 80 P.3d 296 (Colo. 2003); *People v. Roth*, 44 P.3d 1033 (Colo. 2002); *People v. Saiz*, 32 P.3d 441 (Colo. 2001).

Claim Four, therefore, is unexhausted because Applicant has failed to assert in state court a legal theory that explains how the decisions of the state court violated a particular federal constitutional right.  *See, e.g., Anderson*, 459 U.S. at 7-8.  Claim Four now is defaulted in state court because Applicant could have raised the claims in his direct appeal and any attempt to relitigate as a violation of constitutional law would be rejected as successive or an abuse of process.  Colo. R. Crim. P. 35(c)(VII); *Rodriguez*, 914 P.2d at 254-55.

Applicant's claim that because he had a constitutional right to assistance of counsel he has shown cause for any procedural default is conclusory and vague.  Also,

his claim that counsel should have supplemented any pending brief based on *Crawford* and *Davis* may demonstrate that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule, *e.g.* new law, but he has not shown that he has presented this argument regarding Claim Four to the state courts as an independent claim.  *See* ECF No. 11-9 at 22.  Furthermore, Applicant does not assert he is actually innocent based on new reliable evidence.

Claim Four will be dismissed as procedurally defaulted and therefore barred from federal habeas review.

### 3.  Claim Eleven

In his Reply, Applicant asserts that his ineffective assistance of trial counsel claim regarding the failure to conduct forensic examinations was fully and fairly presented to the state courts.  ECF No. 16 at 8.  Applicant contends that the district court failed to address the forensics claim, which the court has a duty to address all claims in a Rule 35(c) motion, and on direct appeal he requested the CCA to remand this claim back to district court for a ruling so that claim could be addressed on appeal, but the CCA elected not to do so.  *Id.*

The CCA acknowledged Applicant's failure to address claim when it affirmed the denial of the Rule 35(c) postconviction motion.  *See* ECF No. 11-11 at 2; *People v. Smith*, 10CA0098, 1 (Colo. App. July 5, 2012).  The CCA found no reversible error in the district court's denial of Applicant's motion based on incompleteness.  *Id.*  Applicant does not specifically address the forensic claim in the opening brief.  Furthermore, Applicant's claim that the district court failed to follow state procedure in a Rule 35(c) motion is not a federal constitutional claim.  A challenge to the state postconviction

proceedings does not present a cognizable federal issue.  *See Sellers v. Ward*, 135

F.3d 1333, 1339 (10th Cir. 1998) (a claim that focuses on postconviction remedy and

not a judgment for basis of incarceration is not a cognizable federal constitutional claim

in a federal habeas action); *Steele v. Young*,11 F.3d 1518, 1524 (10th Cir. 1993);  *see*

*also Del Rantz v. Hartley*, 577 F. App'x 805, 807 (10th Cir. 2014).

Nonetheless, Claims Eleven(i), (ii), and (iii) were presented and addressed by

the CCA.  *See* ECF No. 11-9 at 24, 25, and 30; ECF No. 11-11 at 16;  *Smith*, No.

10CA0098 at 15.  The Court will dismiss only the forensic claim in Claim Eleven.

### 4.  Claim Twelve

In his Reply, Applicant contends that postconviction counsel was ineffective in

not presenting an ineffective assistance of trial counsel claim regarding trial counsel's

failure to present the results of a mental health examination to the trial court during

Applicant's trial.  ECF  No. 16 at 9.  Applicant further contends postconviction counsel's

failure to raise the mental health evaluation issue implicates *Martinez v. Ryan*, --- U.S

—, 132 S. Ct. 1309 (2012).  *Id.*

Based on the reasons stated below, the Court, however, will refrain from

addressing Claim Twelve at this time.

In *Martinez*, the Supreme Court held:

Where, under state law, claims of ineffective assistance of trial counsel
must be raised in an initial-review collateral proceeding, a procedural
default will not bar a federal habeas court from hearing a substantial claim
of ineffective assistance at trial if, in the initial-review collateral
proceeding, there was no counsel or counsel in that proceeding was
ineffective.

*Id.* at 1320.  The petitioner must also show that the underlying ineffective assistance of

counsel claim is "substantial"— *i.e.,* has "some merit."  *Id.* at 1318.  The holding in

*Martinez* recognizes an exception to *Coleman v. Thompson*, 501 U.S. 722, 753–55

(1991).   In *Coleman*, the Supreme Court's stated that being there is no constitutional

right to counsel in a state collateral proceeding, an attorney's errors in the proceeding

do not establish cause for a federal habeas petitioner's procedural default.   *See*

*Martinez*, 132 S. Ct. at 1315.   *Martinez* applies only when "the State [bars] the

defendant from raising the claims on direct appeal," so that postconviction proceedings

are an applicant's first opportunity to present an ineffective assistance of trial counsel

claim.   *Martinez* 132 S. Ct. at 1320; *see also Trevino v. Thaler*, --- U.S. ---, 133 S. Ct.

1911, 1915 (2013) (extending *Martinez* to circumstances in which state law does not

require claims of ineffective assistance of trial counsel to be brought in collateral

proceedings, but "make[s] it virtually impossible for an ineffective assistance claim to be

presented on direct review" (quotation omitted)).

The Colorado Supreme Court "has expressed a preference for having ineffective

assistance of counsel claims brought in Crim. P. 35(c) proceedings."  *People v.*

*Thomas*, 867 P.2d 880, 886 (Colo. 1994) (internal citations omitted); *Ardolino v. People*,

69 P.3d 73, 77 (Colo. 2003) ("In light of the considerations potentially involved in

determining ineffective assistance, defendants have regularly been discouraged from

attempting to litigate their counsels' effectiveness on direct appeal.")).   "Review of a

claim of ineffective assistance of trial counsel that is raised on direct appeal is limited to

the existing record."  *Downey v. People*, 25 P.3d 1200, 1202 n.3 (Colo. 2001) (citing

*People v. Blehm*, 983 P.2d 779, 792-93 (Colo. 1999); *see also People v. Apodaca*, 998

P.2d 25, 29 (Colo. App.1999) (citing *Thomas*); *People v. Price*, 240 P.3d 557, 565

(Colo. App. 2010) ("Only 'in rare instances' are ineffective assistance of counsel claims

presented so that they 'need no further [factual] development prior to review on direct appeal.' ") (quoting *People v. Kelling*, 151 P.3d 650, 655 (Colo. App. 2006)).

The Court is reluctant to determine at this time, without the benefit of the state court record of Applicant's criminal proceeding, whether the procedurally defaulted ineffective assistance issue raised in Claims Twelve is substantial.  The Court will defer ruling on whether Applicant has demonstrated cause for his procedural default under *Martinez v. Ryan* pending the Court's receipt of the state court record.  Accordingly, it is

ORDERED that within thirty days Respondents are directed to file an answer in compliance with Rule 5 of the Rules Governing Section 2254 Cases that fully addresses the merits of Claims One, Three, Five through Ten, and Eleven (i), (ii), and (iii).  In the Answer, Respondents may include additional arguments concerning the merits of Claim Twelve.  It is

FURTHER ORDERED that Claims Two, Four, and Eleven, as it pertains to forensic evaluations, are dismissed.  It is

FURTHER ORDERED that within thirty days of the filing of an answer Applicant may file a reply if he desires.  It is

FURTHER ORDERED that within thirty days from the date of this Order the Respondents shall file with the Clerk of the Court, in electronic format if available, a copy of the complete record of Applicant's state court proceedings in Case No. 02CR3477, including all documents in the state court file and transcripts of all proceedings conducted in the state court, but excluding any physical evidence (as opposed to documentary evidence) not relevant to the asserted claims.  It is

15

FURTHER ORDERED that the Clerk of the Court is directed to send copies of

this Order to the following:

(1)  Clerk of the Court
El Paso County District Court
P.O. Box 2980
Colorado Springs, Colorado 80901-2980; and

(2)  Court Services Manager
State Court Administrator's Office
101 W. Colfax, Ste. 500
Denver, Colorado  80202.

Dated this 3rd day of March, 2015.

BY THE COURT:

William J. Martinez
United States District Judge